Juan **GUTIERREZ–SOSA**, Appellant,

v.

Albert **DEL GUERCIO**, District Director of Immigration and Naturalization, Los Angeles, California, Appellee.

No. 15331.

United States Court of Appeals
Ninth Circuit.

June 21, 1957.

---

Harry Wolpin, Los Angeles, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Richard A. Lavine, Volney V. Brown, Jr., Bruce A. Bevan, Jr., Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before STEPHENS, BARNES and HAMLEY, Circuit Judges.

STEPHENS, Circuit Judge.

Appellant, Juan Gutierrez-Sosa, is under deportation orders which he does not question. He entered the United States in 1951 without inspection. July 14, 1954, a warrant of arrest was issued by the Immigration and Naturalization Service, Los Angeles, California. Deportation hearings were held on April 8, 1955, and October 31, 1955. At the latter hearing the Special Inquiry Officer held that appellant was subject to deportation and statutorily ineligible for voluntary departure under 8 U.S.C.A. § 1254(e) because adultery had been committed by appellant during the five year period preceding his application for voluntary departure. Under 8 U.S.C.A. § 1101(f) (2) such finding of adultery *per se* precluded a finding of good moral character.

■■ Appellant argues that the District Court in his declaratory judgment action erred in applying 8 U.S.C.A. § 1101(f) (2) which became effective on December 24, 1952 as part of the Immigration and Nationality Act of 1952. Appellant argues that pre-1952 law should have been applied under which a finding of adultery did not *per se* preclude a finding of good moral character but allowed the alien to persuade the Attorney General of his good moral character. Appellant argues that the Savings Clause of the 1952 Act, 8 U.S.C. § 1101 note, 8 U.S.C.A. § 1101 note, preserved the "status he had entered into with the woman whom he subsequently married." The "status" that is here claimed is that appellant was an adulterer prior to the effective date of the 1952 Act, which act did not preclude appellant, as an adulterer, *per se*, from being declared a person of good moral character. Upon such claim, he argues that he had a "status" which embraced his right to apply for voluntary departure, claiming that he was a person of good moral character. He misconceives the meaning of status. Status in the statute means the posture of the alien under the statute when some positive action was commenced. Appellant cites United States ex rel. Zacharias v. Shaughnessy, 2 Cir., 221 F.2d 578. That case involved a similar factual situation, but the important feature of the case was the status acquired by the alien as a result of filing by the alien's wife of a petition for issuance of an immigration visa on September 3, 1952, which was prior to the effective date of the 1952

Act. In the instant case we have nothing done either by the Immigration Service or by the alien which created any right or status in him prior to the effective date of the 1952 Act. The warrant was not issued until 1954, and the hearings were not held until 1955. The application likewise was not made until 1955.

The Savings Clause of the 1952 Act is inapplicable, and appellant is not eligible for voluntary departure.

Judgment affirmed.